of Criminal Appeals. Boehme v. State, 159 Tex.Cr.R. 358, 264 S.W.2d 118, and cases cited; Pena v. State, 167 Tex.Cr.R. 406, 320 S.W.2d 355, and cases cited.

In an appeal from an order revoking probation, the review by this court is limited to determining whether the trial judge abused his discretion in ordering such revocation. Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135, and cases cited; Oberlender v. State, 169 Tex.Cr.R. 307, 334 S.W.2d 186; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566; Wicker v. State, Tex.Cr.App., 378 S.W.2d 332; and other cases listed under Art. 781d Vernon's Ann.C.C.P., Note 8.

The record showing no abuse of discretion by the trial judge, it becomes the duty of this court to affirm the order revoking appellant's probation.

The judgment is affirmed.

Herbert H. Landau, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of California.

The judgment was rendered on August 17, 1965, and notice of appeal was given by appellant on such date.

The record is presented to this court without a statement of facts or bills of exception and in the absence thereof nothing is presented for review. Ex Parte Alcox, Tex.Cr.App., 331 S.W.2d 943.

In this connection, it is noted that on August 20, 1965, appellant filed in the cause his affidavit of inability to pay for a transcript and statement of facts, but there is no showing that the affidavit was ever brought to the attention of the trial court.

The judgment is affirmed.

Opinion approved by the Court.

### Ex parte Ray MOORE.
### No. 39664.

Court of Criminal Appeals of Texas.

June 1, 1966.

